Pennsylvania Labor Relations Board *v.* Altoona Area School District. Altoona Area School Service Personnel Associates—PSEA-NEA, Appellants. Pennsylvania Labor Relations Board, Appellant *v.* Altoona Area School District and Altoona Area School Service Personnel Association—PSEA-NEA, Appellees.

446

Argued October 27, 1975, before President Judge BOWMAN, and Judges CRUMLISH, JR., KRAMER, WILKIN-SON, JR., MENCER, ROGERS and BLATT.

*Allen E. Gibboney,* for appellant, Altoona Area School Service Personnel Association.

*Raymond W. Cromer,* with him *James F. Wildeman, James L. Crawford,* and *Roger M. Simon,* for appellant, Pa. Labor Relations Board.

*Thomas H. Lane,* with him *John D. Thrush,* and *Morgan, Lewis & Bockius,* for appellee.

OPINION BY JUDGE BLATT, February 24, 1976:

These are appeals from a decision and order of the Court of Common Pleas of Blair County in which the Pennsylvania Labor Relations Board (PLRB) was held to have improperly included five employes in a bargaining unit of school service personnel in the Altoona Area School District (School District). On October 1, 1971, the PLRB certified the Altoona Area School Service Personnel Association (Association) as the exclusive representative of the School District's secretarial employes, supportive employes, maintenance employes, and cafeteria employes, excluding among others "all confidential employes." On October 6, 1972, the Association requested the PLRB to clarify its description of the unit with regard to the secretary to the high school principal, the secretaries to each of three junior high school principals, and the payroll clerk for the School District along with other employes no longer in question. After a hearing, the PLRB determined that these five individuals were not "confidential employes" within the meaning of the order and therefore directed that they be included in the bargaining unit. Exceptions were filed and considered and the PLRB order was made final on February 28, 1974. The School District appealed to the court below which reversed the PLRB and held that the five employes in question were confidential and consequently not entitled to bargain with the unit employes. The Association and the PLRB have now filed in this Court separate appeals which are herein consolidated.

Our scope of review in such cases is to determine whether or not the findings of the PLRB are supported by substantial and legally credible evidence and whether or not the conclusions deduced therefrom are reasonable and not capricious, arbitrary, or illegal. *Albert Einstein Medical Center v. Pennsylvania Labor Relations Board*, 17 Pa. Commonwealth Ct. 91, 330 A.2d 264 (1975). In this case, of course, the findings of the PLRB are not in

dispute, but we must review the legal conclusions which the PLRB reached based on those findings.

The Public Employe Relations Act[1] (Act 195) grants public employes the right to organize and bargain with their public employer. Section 301(2) of the Act, 43 P.S. §1101.301(2), however, defines "public employe" so as not to include "confidential employes," and Section 301 (13), 43 P.S. §1101.301(13), defines a confidential employe as follows:

> " 'Confidential employe' shall mean any employe who works: (i) in the personnel offices of a public employer and has access to information subject to use by the public employer in collective bargaining; or (ii) in a close continuing relationship with public officers or representatives associated with collective bargaining on behalf of the employer."

In determining whether or not the employes here involved were confidential, the PLRB stated that it "definitely adopted the National Labor Relations Board's [NLRB] definition of confidential employe." The National Labor Relations Act,[2] contains no mention of confidential employes. The NLRB has recognized, however, that, in order to protect an employer's bargaining position, employes with access to confidential information should not be included in the bargaining unit with whom the employer will be negotiating and processing grievances and it has formulated an exclusionary rule,[3] which it regularly applies. It is presumably this rule to which the PLRB refers, but the lower court held, and we agree, that it was error for the PLRB to adopt the NLRB's definition of confidential employe when Act 195 has its own specific definition for this class of employes. This is the definition which must be applied.

---

1. Act of July 23, 1970, P. L. 563, *as amended,* 43 P. S. §1101.101 et seq.

2. 29 U.S.C.A. §141 et seq.

3. *See B. F. Goodrich,* 115 NLRB 722 (1956).

Here, the four secretaries to the senior and junior high school principals were found by the PLRB to have "minimal" contract with material used in the formulation of the School District's policy in collective bargaining. While such a finding might be very relevant to an employe's confidential status under the National Labor Relations Act, the extent of an employe's contact with such material is not the controlling feature under Act 195. It is instead the employe's "close continuing relationship with public officers or representatives *associated* with collective bargaining" which controls. And, although the PLRB found that the principals for whom these secretaries worked were not part of the School District's "bargaining team," it did find that one representative principal "has been requested by the School District for his opinions on topics of negotiation . . . during the process of negotiation." Moreover, as the PLRB further observed, these opinions requested were to help determine a bargaining position and were not decisions, but rather a part of the input leading to decisions. In light of these undisputed determinations of the PLRB, we must agree with the court below that principals in the School District are public officers *associated* with collective bargaining on behalf of the employer, pursuant to Act 195. The four secretaries to these individuals, therefore, are confidential employes who should be excluded from the bargaining unit.

With respect to the payroll clerk, the PLRB specifically found as follows:

"11. That the School District employs a payroll clerk who maintains an office in the Employer's central personnel office who prepares the payroll and has access to information used by the public employer in the collective bargaining process."

Although this payroll clerk would appear to fall within the express definition of confidential employe as set forth in Section 301(13)(i) of Act 195, the PLRB held

that she was not a confidential employe because much of the information to which she had access would otherwise be available to the public under the Right To Know Act[4] and the Public School Code of 1949.[5] These acts, however, do not control the application of the very clear provisions of Act 195. We believe, therefore, as did the court below, that the PLRB erred in ruling that the payroll clerk here involved was not a confidential employe under Act 195.

We are not unmindful of the concerns expressed by the PLRB and the Association that the definition of "confidential employe" under Act 195 might lend itself to an interpretation so inclusive as to cover a far larger number of employes than is necessary to protect the bargaining position of an employer which is the obvious purpose of the exclusion. If a better definition is required, however, the legislature can provide it. In any case, we do not believe that there is any problem involved with this definition here. On the contrary, it appears that the employes here concerned are potentially in a position to gain access to exclusive information which may be utilized by the employer in the collective bargaining process, and they should properly be excluded from the bargaining unit.

The order following Judge HABERSTROH'S able analysis of the issues in this case before the court below directs, among other things, that the bargaining unit as certified by the Board be amended to exclude "all secretaries to principals of *any* school in the system." (Emphasis added.) While, therefore, we can and will affirm his decision, we must note that only four secretaries were involved in this appeal, *i.e.*, the secretaries to the principals of four

---

4. Act of June 21, 1957, P. L. 390, *as amended*, 65 P. S. §66.1 et seq.

5. Act of March 10, 1949, P. L. 30, *as amended*, 24 P. S. §1-101 et seq.

schools in the system. We must, therefore, modify the order of the court below so as to exclude from the bargaining unit only those four individuals along with the payroll clerk referred to in the order.

The decision and order of the Court of Common Pleas of Blair County is, therefore, affirmed as modified.